**Reversed and Remanded and Opinion filed June 23, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00302-CV

---

## OMEGA LOUT, Appellant

### V.

## THE METHODIST HOSPITAL, Appellee

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2013-55155**

---

### O P I N I O N

Appellant Omega Lout sued The Methodist Hospital for injuries she allegedly sustained after slipping on water that had accumulated on the Hospital's floor. The Hospital successfully moved for dismissal of the case on the ground that Lout failed to file an expert report as required in a health-care-liability claim. In the sole issue presented for our review, Lout contends that the trial court erred in dismissing her suit because this is not a health-care-liability claim, and thus, no expert report is required. In light of the Texas Supreme Court's opinion in *Ross v.*

*St. Luke's Episcopal Hospital*, No. 13-0439, 2015 WL 2009744, at *6 (Tex. May 1, 2015), we reverse and remand the case for further proceedings.

## I. BACKGROUND

Lout sued the Hospital, alleging that while she was an invitee on the Hospital's premises, she slipped on water that had accumulated on the floor, causing her to fall. In her pleading, Lout alleged that the Hospital caused her injuries through its negligence in failing to (a) inspect or maintain "the floor in question" adequately to "protect members of the public from injury," (b) warn "members of the public of the dangers inherent on the premises," and (c) properly "supervise the usage of the premises in question."

Several months after filing its original answer, the Hospital moved to dismiss Lout's claims. The Hospital asserted that the claim was a health-care-liability claim, and that Lout had failed to timely file an expert report as statutorily required in such cases. Lout argued that the statute did not apply to her case, because she had not alleged a health-care-liability claim. After an oral hearing, the trial court granted the Hospital's motion to dismiss, and this appeal ensued.

## II. ANALYSIS

This appeal turns on the question of whether Lout has alleged a health-care-liability claim governed by Chapter 74 of the Texas Civil Practice and Remedies Code. Such a claim is statutorily defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2014). A

"health care provider" includes a hospital.  *Id.* § 74.001(a)(11)(G), (a)(12)(A)(vii).

Not later than the 120th day after each defendant in a health-care-liability claim files its original answer, the claimant must serve that defendant with one or more expert reports summarizing the expert's opinions regarding the applicable standards of care, the manner in which the care rendered by the defendant failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.  *Id.* § 74.351(a), (r)(6).  If the claimant fails to serve the defendant within this time, then on the defendant's motion, the trial court must dismiss the claim against the defendant with prejudice and award the defendant its reasonable attorney's fees and costs of court.  *Id.* § 74.351(b).[1]

A claim based on a health-care provider's "departures from accepted standards of safety" may or may not be a health-care-liability claim.  *See Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 185–86 (Tex. 2012).  To be a health-care-liability claim, the claim "need not be *directly* related to the provision of health care," *id.* at 185 (emphasis added), but it must be "*substantively* related to the defendant's providing of medical or health care."  *Ross v. St. Luke's Episcopal Hosp.*, No. 13-0439, 2015 WL 2009744, at *6 (Tex. May 1, 2015).  "The pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety."  *Id.*

In making that determination, the Texas Supreme Court has measured the plaintiff's claim against the following "non-exclusive considerations":

> 1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

---

[1] Here, the Hospital voluntarily waived recovery of attorney's fees.

2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3. At the time of the injury was the claimant in the process of seeking or receiving health care;

4. At the time of the injury was the claimant providing or assisting in providing health care;

5. Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6. If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7. Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Id.*

However, the Texas Supreme Court did not explain where this evidence might come from—whether it was to be drawn only from the plaintiff's pleadings or from evidence provided in connection with the actual motion to dismiss or in an evidentiary hearing. Nor did the Texas Supreme Court explain how a trial judge might weigh conflicting evidence. Without deciding the issue, we will review all of the evidence in the record.

In her pleadings, Lout alleged that the Hospital allowed water to accumulate on the floor, but she gave no details as to how or where this occurred. She did not contend that she was injured while seeking, receiving, providing, or assisting in providing health care. She did not mention any safety standards that arise from the professional duties owed by a health-care provider or any safety-related requirements set for health-care providers by governmental or accrediting agencies.

In its motion to dismiss, the Hospital maintained that a suit against a hospital

for injuries the claimant allegedly sustained in a slip-and-fall accident on the hospital's premises is necessarily a health-care-liability claim to which the expert-report requirement applies. The Hospital asserted that Lout was not a patient, and argued that her claim was identical to the claims of visitors in three other slip-and-fall suits against hospitals, each of which was dismissed for failure to file an expert report. *See Mem'l Hermann Hosp. Sys. v. Galvan*, 434 S.W.3d 176, 178 (Tex. App.—Houston [14th Dist.] 2014, pet. pending) (visitor allegedly slipped on water in a hospital hallway); *E. Tex. Med. Ctr. Regional Health Care Sys. v. Reddic*, No. 12-13-00107-CV, 2013 WL 6252702 (Tex. App.—Tyler Dec. 4, 2013) (visitor slipped and fell in hospital lobby), op. withdrawn and superseded, 426 S.W.3d 343 (Tex. App.—Tyler 2014, pet. pending) (op. on reh'g); *Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 WL 1136613, at *1 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013) (mem. op.) (hospital visitor slipped and fell in hospital lobby), *rev'd*, No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015). The Hospital incorporated the plaintiff's pleading into its motion but provided no additional evidence with its motion, other than an attorney-fee affidavit.

Lout responded that she was a visitor when she slipped and fell in water on the Hospital's floor, but she asserted that the only nexus between her claimed injury and the provision of health care is that the Hospital was the site of the accident. She attached no evidence to her response.

The Hospital filed a reply to which it attached Lout's answers to interrogatories. In response to a request that Lout identify where she had been prior to entering the Hospital, Lout stated that she "had been at the hospital with her mother who was a patient." The Hospital also asked how many times Lout had "been to the premises where the incident occurred" before the date of the incident, and Lout answered that she "had been to the hospital on numerous occasions with

5

her mother as the patient" but "had only been to the heart failure unit, where this incident occurred, a few times."

The hearing on the motion was not an evidentiary hearing; no witnesses were called or exhibits admitted. At the hearing, Lout's attorney stated that Lout "slipped and fell on the water on the floor on the Fondren, the 11th floor of the hospital." The attorney further represented that in the records of Lout's medical treatment after her fall, it is stated that she "fell from the upright position while walking and struck the tile surface."

The Hospital filed a post-submission brief in this court arguing that the facts in this case were different from those in *Ross*. The Hospital claimed that two of the *Ross* factors are present in this case. It argued that unlike the plaintiff in *Ross* who fell in a lobby, Lout fell in the "heart failure unit . . . which is undoubtedly a place within the hospital where patients might be during the time they were receiving care." The Hospital then argued that the safety standards for this area implicated the professional duties owed by the health care provider.

However, on this record, we do not know if the incident occurred in the unit's lobby, a visitor's restroom, a vending area, a patient's room, an examination room, etc. There is no evidence that Lout slipped in an area "where patients might be during their treatment so that the hospital's obligation to protect patients was implicated by the condition of the floor at that location." *See Ross*, 2015 WL 2009744, at *6. There also is no evidence that the entirety of the "heart failure unit" is such a place, and no evidence implicating the safety standards that are substantively related to the Hospital's professional duties as a health-care provider.

Because the record does not show that Lout's claim is based on safety standards that have a substantive relationship to the Hospital's provision of health care, the trial court erred in concluding that this is a health-care-liability claim in

6

which Lout was required to file an expert report to avoid dismissal.  *See id.*  We accordingly sustain the sole issue presented for our review

### III. CONCLUSION

Because there is no support in the record for the conclusion that this is a health-care-liability claim, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.


/s/     Tracy Christopher
Justice


Panel consists of Justices Christopher, Donovan, and Wise.