ACCEPTED
01-15-00141-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 6:09:55 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00141-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 6:09:55 PM
CHRISTOPHER A. PRINE
Clerk

_____

MADHUSUDAN SHAH,
Appellant,

v.

SODEXO SERVICES OF TEXAS, LIMITED PARTNERSHIP,
Appellee.

_____

On Appeal from the 55th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2014-20678

_____

**FIRST AMENDED RESPONSE BRIEF OF APPELLEE
SODEXO SERVICES OF TEXAS, LIMITED PARTNERSHIP**

_____

ORAL ARGUMENT REQUESTED

Nelson D. Skyler
Lead Counsel for Appellee
Texas Bar No. 00784982
Neal A. Hoffman
Texas Bar No. 24069936
BROWN SIMS
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580 Phone
(713) 629-5027 Fax
nskyler@brownsims.com
nhoffman@brownsims.com

COUNSEL FOR APPELLEE
SODEXO SERVICES OF TEXAS,
LIMITED PARTNERSHIP

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ........................................... vii

ISSUES PRESENTED ...................................................................................... viii

STATEMENT OF FACTS ....................................................................................1

SUMMARY OF THE ARGUMENT ....................................................................3

ARGUMENT & AUTHORITIES ........................................................................5

    I.    Shah's claims asserted against Sodexo are health care liability claims, as defined by Chapter 74 of the TEXAS CIVIL PRACTICES & REMEDIES CODE. ..........5

        A.    Shah is a claimant, Sodexo is a health care provider, and Shah's claims address alleged departures from accepted standards of safety. ...............5

        B.    The Texas Supreme Court rejected an interpretation of Chapter 74 imposing a direct-relationship requirement on health care liability claims regarding breaches of safety standards. ...........................................................7

        C.    Decisions following *Texas West Oaks Hospital* imposed an indirect-relationship requirement for classifying safety-breach claims as health care liability claims regarding breaches of safety standards. ....................................8

        D.    The Texas Supreme Court adopted a substantive nexus requirement between safety standards and the provision of health care. ...............................9

        E.    The *Ross* factors support classifying Shah's lawsuit as a health care liability claim. ...................................................................................................11

        F.    Post *Ross* cases support the conclusion that Shah's claim is a health care liability claim....................................................................................................14

    II.    The trial court properly dismissed Shah's claim for failure to serve a Chapter 74 expert report within the allotted time period. ..................................16

        A.    Shah failed to serve an expert report on Sodexo within 120 days of Sodexo's Original Answer...................................................................................17

## TABLE OF CONTENTS (con't.)

B.      Shah waived any objection to Sodexo's disclosures..................................17

C.      Sodexo is not obligated to disclose that it believes a case is a health care liability claim in order to seek dismissal under Section 74.351(a), and the Court did not abuse its discretion in granting Sodexo's motion to dismiss......19

CONCLUSION & PRAYER.................................................................................23

CERTIFICATE OF COMPLIANCE.....................................................................27

CERTIFICATE OF SERVICE .............................................................................27

# INDEX OF AUTHORITIES

## Cases

*Brazos Presbyterian Homes, Inc. v. Rodriguez*,
    14-14-00479-CV, 2015 WL 3424695 (Tex. App.—Houston [14th Dist.]
    May 28, 2015, no. pet. h.)..................................................................................15

*Cage v. Methodist Hosp.*,
    01-14-00341-CV, 2015 WL 4139322 (Tex. App.—Houston [1st Dist.]
    July 9, 2015, no. pet. h.) ................................................................................9, 14

*Chamie v. Mem'l Hermann Health Sys.*,
    14-14-00213-CV, 2015 WL 4141106 (Tex. App.—Houston [14th Dist.]
    July 9, 2015, no. pet. h.) ..................................................................................14

*Doctors Hosp. at Renaissance, Ltd. v. Mejia*,
    No. 13–12–00602–CV, 2013 WL 4859592 (Tex.App.-Corpus Christi
    Aug.1, 2013, pet. filed) (mem.op.) ....................................................................9

*Finlay v. Olive*,
    77 S.W.3d 520 (Tex.App.—Houston [1st Dist.] 2002, no pet.)..........................19

*Good Shepherd Medical Center–Linden, Inc. v. Twilley*,
    422 S.W.3d 782 (Tex.App.-Texarkana 2013, pet. denied) ..................................9

Herrera v. Seton Nw. Hosp.,
    212 S.W.3d 452 (Tex.App.-Austin 2006, no pet.) .............................................20

*Lake Travis Indep. Sch. Dist. v. Lovelace*,
    243 S.W.3d 244 (Tex. App.—Austin 2007, no pet.)..........................................20

*Lance Thai Tran, DDS, PA v. Chavez*,
    14-14-00318-CV, 2015 WL 2342564 (Tex.App.—Houston [14th Dist.]
    May 14, 2015, no pet. h. ..................................................................................15

*Lezlea Ross v. St. Luke's Episcopal Hosp.*,
    13-0439, 2015 WL 2009744 (Tex. May 1, 2015) ........................................ passim

*Lout v. Methodist Hosp.*,
    14-04-00302-CV, 2015 WL 3878135 (Tex.App.—Houston [14th Dist.]
    June 23, 2015, no. pet. h.)................................................................................15

*Low v. Henry*,
    221 S.W.3d 609 (Tex. 2007) ...........................................................................20

*R.M. Dudley Constr. Co. v. Dawson*,
    258 S.W.3d 694 (Tex.App.—Waco 2008, pet. denied) ......................................18

# INDEX OF AUTHORITIES (con't.)

*Remington Arms Co. v. Caldwell*,
 850 S.W.2d 167 (Tex. 1993) ...............................................................19

*Ross v. St. Luke's Episcopal Hosp.*,
 14-12-00885-CV, 2013 WL 1136613 (Tex.App.—Houston [14th Dist.]
 Mar. 19, 2013) ...................................................................................8

*Texas West Oaks Hosp., L.P. v. Williams,*
 371 S.W.3d 171 (Tex. 2012) ..................................................... 5, 7, 8

*Valley Reg'l Med. Ctr. v. Camacho*,
 2015 Tex. App. LEXIS 4967 (Tex. App. Corpus Christi May 14, 2015)..... 15, 16

*Williams v. Riverside Gen. Hosp., Inc.*,
 01-13-00335-CV, 2014 WL 4259889 (Tex. App.—Houston [1st Dist.]
 Aug. 28, 2014, no pet.) .......................................................................9

## Statutes

TEX. CIV. PRAC. & REM. CODE § 74.001................................................12

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(B)(ii) ..............................6

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2) .....................................5, 6

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) ......................... vii, 5

Tex. Civ. Prac. & Rem. Code Ann. § 74.351 .......................................17

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)............................... viii, 17

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).....................................17

## Rules

TEX. CIV. PRAC. & REM. CODE § 74.351(a) ..........................................22

Tex. Civ. Prac. & Rem. Code § 74.351(b)............................................22

TEX. CIV. PRAC. & REM. CODE §§ 74.001...............................................21

TEX. R. CIV. P. 194.2(c) ............................................................ 20, 21

Tex. R. Civ. P. 194.2(c). cmt. 2 ........................................................21

TEX. R. CIV. P. 215..........................................................................18

TEX. R. CIV. P. 215.2........................................................................18

# INDEX OF AUTHORITIES (con't.)

Tex. R. Civ. P. 215.2(b) ...............................................................................18

Tex. R. Civ. P. 215.3 ..................................................................................18

**Other Authorities**

*Black's Law Dictionary* 1246 (8th ed. 2004)............................................12

Meriam-Webster.com, http://meriam-webster.com/dictionary/profession .........12

Meriam-Webster.com, http://www.merriam-webster.com/dictionary/
professional........................................................................................ 12, 13

Meriam-Webster.com, http://www.merriam-webster.com/dictionary/duty ........13

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument may be appropriate in this case. After this appeal was initiated, the Texas Supreme Court decided *Lezlea Ross v. St. Luke's Episcopal Hosp.*, 13-0439, 2015 WL 2009744 (Tex. May 1, 2015) . *Ross* set forth a new framework for analyzing whether allegations constitute a "health care liability claim" arising under the "safety" prong of Section 74.001(a)(13) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Because this case may be one of the first opportunities for appellate courts to consider and apply the Texas Supreme Court's opinion in *Ross*, the Court may benefit from oral argument.

# ISSUES PRESENTED

1. Whether Shah's cause of action should be classified as a safety-based health care liability claim?

2. Whether Shah waived any complaint regarding the substance of Sodexo's disclosures by failing to pursue or obtain a ruling on any motion for sanctions?

3. Whether the trial court abused its discretion in declining to find that Sodexo's disclosure precluded Sodexo from invoking Section 74.351(a)[1]'s expert-report dismissal provision?

---

[1] TEX. CIV. PRAC. & REM. CODE § 74.351(a).

## STATEMENT OF FACTS

Beginning in March of 2003, Appellee Sodexo Services of Texas, L.P. (hereinafter "Sodexo") entered into a contract with the Harris County Hospital District ("Hospital District") to provide for management, personnel and operation of food and nutrition services for Hospital District facilities. C.R. at 177; *see also id.* at 174–176. Among its obligations, Sodexo agreed to operate and manage the Hospital District's food services program and Food and Nutrition Services Department at various Hospital District facilities. *Id.* at 182. One of the facilities that Sodexo serviced was Ben Taub Hospital ("Ben Taub"). *See id.*

One of the tasks Sodexo performed was managing and operating Nutrition Services. *See id.* at 187 ("Sodexo shall manage and operate Nutrition Services for Hospital District… ."). As part of its Nutrition Services role, Sodexo was tasked with making meals available, recommending menus, and recommending portion sizes. *See id.* at 187 (§E (1.1)). Sodexo was also responsible for properly labeling prescribed nourishments and supplements for patient identification, and delivering that food and drink to patient areas. *See id.* (§E (1.2.1).

On the date of the incident, Shah was a cancer treatment patient at Ben Taub. *See* Appellant Brief at 4.[2] At the time of the incident, Shah was attempting to obtain a cup of coffee from a vending machine. *Id.* at 7. As he was doing so, a

---

[2] Page Citations to Appellant's Brief are in reference to the page number inserted at the bottom center of each page.

Sodexo employee was in the process of providing Nutrition Services at Ben Taub. *Id.* at 7; *id.* at 174. Specifically, the employee was transporting beverages to a patient area using a cart. *Id.* at 174; *see also id.* at 187. Shah alleges that the beverage cart struck him, causing him to suffer severe injuries. *Id.* at 7.

Subsequently, Shah filed a negligence lawsuit against Sodexo. *See id.* at 4–11. Sodexo filed its Original Answer on May 23, 2014. *See id.* at 18–20. Shah did not file an expert report within 120 days after Sodexo filed its Original Answer. *See id.* at 105–106, 163. Instead, Shah served an expert report on December 9, 2014. *See id.* at 81–90. Sodexo timely objected to Shah's expert report, *see id.* at 104–157, and moved to dismissed Shah's lawsuit. *See id.* at 158–281. The district court granted Sodexo's motion. *See id.* at 413.

## SUMMARY OF THE ARGUMENT

Shah's claim against Sodexo is a safety standards-based health care liability claim. Sodexo and its staff were tasked with operating and managing the food services program at Ben Taub and with providing nutritional services at the hospital. In this capacity, Sodexo made meals available to patients, labeled prescribed nourishment and supplements (including beverages) for patient identification, and delivered those nourishments to patient areas. A Sodexo employee was in the process of transporting beverages using a cart when the incident occurred.

The breaches of safety alleged against Sodexo are sufficiently related to the provision healthcare, such that this case is a health care liability claim. Texas law has never required a direct relationship between healthcare and breaches of safety. The Texas Supreme Court rejected any such direct-relationship requirement, and subsequent decisions found only that an indirect relationship between safety and healthcare was necessary to classify a claim as a health care liability claim. The Texas Supreme Court's decision in *Ross* also did not impose a direct-relationship requirement on potential safety-based health care liability claims. Instead, the safety standard must only have a substantive relationship/nexus with the provision of health care. Sodexo's conduct and the alleged safety departures at issue have

3

such a substantive relationship. Thus, the trial court's decision granting summary judgment in Sodexo's favor should be affirmed.

Next, Shah asks the Court to excuse his failure to timely file an expert report, arguing that Sodexo should be estopped from seeking dismissal. The reality is that if Shah faulted Sodexo for its discovery responses, Shah was obligated to pursue a motion for sanction. Shah failed to move for sanctions and failed to obtain a ruling on any sanctions motion. Thus, the Court should find that Shah has waived the argument on appeal.

Moreover, even if the Court considered Shah's equitable estoppel claim, the argument is without merit. Shah must demonstrate that the trial court abused its discretion by rejecting Shah's equitable estoppel evidentiary challenge. However, Shah fails to identify any legal authority to support his position that equitable estoppel applies or that Sodexo should have been precluded from seeking dismissal under TEX. CIV. PRAC. & REM. CODE § 74.351. Chapter 74's expert report requirement is not an affirmative defense; defendants are not obligated to plead or disclose a belief that the statute applies in order to invoke its authority. The statute would not even apply as a defense until after the deadline to provide a report had already expired. The trial court's decision to deny Shah's equitable estoppel claim was neither arbitrary nor unreasonable and should be affirmed.

## ARGUMENT & AUTHORITIES

**I. Shah's claims asserted against Sodexo are health care liability claims, as defined by Chapter 74 of the TEXAS CIVIL PRACTICES & REMEDIES CODE.**

A health care liability claim is defined as:

> A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13).

The Texas Supreme Court has held that whether particular claims are covered by Chapter 74 of the TEXAS CIVIL PRACTICES & REMEDIES CODE, also known as the Texas Medical Liability Act, is a matter of statutory construction which is a legal question reviewed de novo. *See Texas West Oaks Hosp., L.P. v. Williams,* 371 S.W.3d 171, 177 (Tex. 2012). The reviewing court's aim is to determine and give effect to the legislature's intent. *See id.*

**A. Shah is a claimant, Sodexo is a health care provider, and Shah's claims address alleged departures from accepted standards of safety.**

In this case, Shah has not appealed the trial court's conclusion that Shah would constitute a claimant as defined by TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2). *See* Appellant's 1st Am. Brief. The parties agree that Shah would be a "claimant" if his cause of action is a health care liability claim. The Court should also agree. A "claimant" is a person seeking recovery of damages in a health care

5

liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2). Shah is making a claim for recovery of damages. *See* C.R. 4–11. Thus, if his case is a health care liability claim, then Shah is a "claimant."

Similarly, Shah has not appealed the trial court's conclusion that Sodexo is a health care provider under TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(B)(ii). *See* Appellant's 1st Am. Brief. The parties agree that Sodexo is a "health care provider" as defined by that statute. The Court should also agree. A "health care provider" is defined as "an employee, **independent contractor**, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship." *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(B)(ii) (emphasis added). At the time of the incident, Sodexo was under contract with the Hospital District to provide services to Ben Taub. *See, e.g.,* C.R. at 174–177, 182, 187. As such, Sodexo meets Chapter 74's definition of a health care provider.

Additionally, Shah has not appealed the trial court's conclusion that Shah's claims generally addressed alleged departures from standards of safety. *See* Appellant's 1st Am. Brief. Instead, Shah argues that the safety departures at issue in his lawsuit are simply unrelated to healthcare, such that they do not fall within the scope of Chapter 74. *See id.* Shah's lawsuit faults Sodexo for not operating the cart "with reasonable care … to promote the safety and welfare" of Shah. *See* C.R.

at 8. He then proceeds to allege various acts or omissions Sodexo allegedly committed that were inconsistent with Sodexo's duty to promote Shah's safety and welfare. *See id.* Finally, Shah alleges that these safety violations proximately caused his injuries. *See id.* Consequently, the Court should find that Shah's allegations implicate alleged departures from safety standards by Sodexo and Sodexo's employees, and that these departures are the alleged proximate cause of Shah's injuries.

**B. The Texas Supreme Court rejected an interpretation of Chapter 74 imposing a direct-relationship requirement on health care liability claims regarding breaches of safety standards.**

Chapter 74 defines a 'health care liability claim' ("HCLC") as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*See id*. at § 74.001(13).

In *Texas West Oaks Hospital, L.P. v. Williams*, the Texas Supreme Court considered the above definition in the context of a claim that alleged breaches of duty related to safety. *See Tex. W. Oaks Hosp., L.P., v. Williams*, 371 S.W.3d 171 (Tex. 2012). As the *Williams* court discussed, the word 'safety' is not defined by Chapter 74, so courts apply it using its commonly understood meaning as "the condition of being 'untouched by danger; not exposed to danger; secure from

7

danger, harm or loss.'" *See* 371 S.W.3d at 184. Furthermore, the Texas Supreme Court concluded that the phrase "directly related to health care" appearing at the end of the definition of a health care liability claim was added to modify only the phrase "professional or administrative services"—not the term 'safety.' *See id*. at 184. Instead, the *Texas West Oaks'* Court clearly stated " that the safety component of [health care liability claims] <u>need not be directly related to the provision of health care</u>." *See id*. at 186 (emphasis added).

**C. Decisions following *Texas West Oaks Hospital* imposed an indirect-relationship requirement for classifying safety-breach claims as health care liability claims regarding breaches of safety standards.**

Following the Texas Supreme Court's decision in *Texas West Oaks Hospital*, appellate courts diverged on the standard used to determine if a claim alleging departures from safety standards classified as a health care liability claim. The minority view, exemplified by *Ross v. St. Luke's Episcopal Hosp.*, 14-12-00885-CV, 2013 WL 1136613, at *1 (Tex.App.—Houston [14th Dist.] Mar. 19, 2013), concluded that no relationship between healthcare and safety was required under Chapter 74.

The majority view rejected this approach. Instead, the majority concluded that while a direct relationship was not required between safety standards and healthcare, something more was required to transform a claim involving safety into a health care liability claim. *See, e.g., Williams v. Riverside Gen. Hosp., Inc.*, 01-

8

13-00335-CV, 2014 WL 4259889, at \*1 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (some "indirect, reasonable relationship" required)[3]; *Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13–12–00602–CV, 2013 WL 4859592, at \*2 (Tex.App.-Corpus Christi Aug.1, 2013, pet. filed) (mem.op.) (a claim must be indirectly related to health care); *Good Shepherd Medical Center–Linden, Inc. v. Twilley*, 422 S.W.3d 782, 785 (Tex.App.-Texarkana 2013, pet. denied) (some indirect link required). The cases comprising the majority view have never held, however, that claims involving departures from standards of safety must be directly related to healthcare in order to classify as health care liability claims.

**D. The Texas Supreme Court adopted a substantive nexus requirement between safety standards and the provision of health care.**

The Texas Supreme Court recently considered the merits of the majority and minority approaches to classifying safety-standard health care liability claims. *See Ross v. St. Luke's Episcopal Hosp.*, 13-0439, 2015 WL 2009744, at \*1 (Tex. May 1, 2015). The court concluded that "there must be a substantive nexus between the safety standards allegedly violated and the provision of health care." *Id.* The nexus must also be more than a "but for" relationship, such as the fact that the plaintiff would not have been injured but for being in a hospital. *See id.* "The pivotal issue

---

[3] In discussing *Williams*, the First Court of Appeals has also characterized its approach as requiring some reasonable relationship between the claim and the provision of health care. *See, e.g., Cage v. Methodist Hosp.*, 01-14-00341-CV, 2015 WL 4139322, at \*4 (Tex. App.—Houston [1st Dist.] July 9, 2015, no. pet. h.).

9

in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id.*

The court identified seven non-exclusive considerations that could be analyzed to determine whether a claim is substantively related to the defendant's providing of medical or health care. *See id.* Those factors are:

> "1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;
>
> 2. Did the injuries occur in a place where patient might be during the time they were receiving care, so that the obligations of the provider to protect persons who require special, medical care was implicated;
>
> 4. At the time of the injury was the claimant in the process of seeking or receiving health care;
>
> 5. At the time of the injury was the claimant providing or assisting in providing health care;
>
> 6. Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;
>
> 7. If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or
>
> 8. Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?"

10

*See id.* In a concurring opinion, Justice Lehrmann, joined by Justice Devine, emphasized the significance of the third and fifth factors when analyzing potential safety standards-based health care liability claims. *See id.* (Lehrmann, J. concurring).

### E. The *Ross* factors support classifying Shah's lawsuit as a health care liability claim.

An evaluation of the seven factors identified by the *Ross* court points in favor of classifying Shah's lawsuit as a health care liability claim.

The first factor points in Sodexo's favor. The allegedly negligent acts occurred in the course of Sodexo performing tasks for the benefit of patients. Specifically, Sodexo was in the process of transporting beverages to a patient area as part of its role managing and operating food and nutrition services. *See* C.R. at 187. The purpose behind performing food and nutrition services is the protection of patients from harm. Providing patients with food and beverages, including those prescribed by physicians, is a part of the health care process. A patient deprived of food and beverages undoubtedly suffers harm, as would a patient that does not get his or her required food and beverages at the necessary time. Factor one supports this case being considered a health care liability claim.

The second and third factors also points in Sodexo's favor. At the time of the injury, Shah was a patient at Ben Taub; he acknowledges that he was receiving treatment at the hospital when he was injured. *See* Appellant's 1st Am. Brief at 4.

11

Similarly, Shah's injuries occurred in a location at Ben Taub where patients might be located during the time they were receiving care. Shah, a patient, was in a hallway getting a cup of coffee during the course of his stay. *See* C.R. at 7. At that time, a Sodexo employee was in the process of delivering a beverage cart to a patient area. *See id.* at 174, 177, 182, 187. Given the presence of patients like Shah in an area located on the way to a patient area for beverage delivery, Sodexo's obligation to protect patients was implicated. Factor two and factor three supports this case being considered a health care liability claim.

Factor four points in Shah's favor. Shah was neither providing nor assisting in providing health care at the time of his alleged injury; instead, he was located in a hallway after getting coffee. *See id.* at 7.

In regard to factor five, the term "professional duties" is undefined in *Ross*, and does not appear in Chapter 74's definitions. *See* 13-0439, 2015 WL 2009744, at *3–6 (Tex. May 1, 2015); TEX. CIV. PRAC. & REM. CODE § 74.001. As an adjective, "professional" is defined as being "of, relating to, or characteristic of a profession." *See Professional Definition*, MERIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/ professional (last visited May 28, 2015). A "profession" is defined as a "type of job that requires special education, training, or skill." *Black's Law Dictionary* 1246 (8th ed. 2004). *See Profession Definition*, MERIAM-WEBSTER.COM, http://meriam-webster.com/dictionary/

profession (last visited May 28, 2015). Finally, in this context "duty" would reference something done as part of a job; it can be defined as "obligatory tasks, conduct, service, or functions that arise from one's position." *See Duty Definition*, MERIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/duty (last visited May 28, 2015). *See, e.g.,* C.R. at 174, 177, 182, 187. A duty to deliver food and beverages was owed by Sodexo, a health care provider. And certainly that duty is related to and arises out of a profession: the provision of health care to patients. Providing food and drink to patient areas, including food and drink prescribed by doctors, is a part of that process. Factor five should lean in Sodexo's favor.

Factor six also points in Sodexo's favor. An instrumentality was involved in the alleged negligence, namely, a cart. *See* C.R. at 7. The cart contained beverages being delivered to a patient area as part of Sodexo's nutrition services role. *See id.* at 174, 177, 182, 187. The cart was an instrumentality directly involved in Sodexo's health care role. The provision of patient food and beverages is a part of the patient's health care process. Consequently, the cart used to transport that food and those beverages to patient areas for distribution was used in providing health care. Factor six supports this case being considered a health care liability claim.

Factor seven points in Shah's favor. Sodexo was not taking or failing to take any action necessary to comply with safety-related requirements set by any governmental or accrediting agency.

13

Based on the facts of this case, five factors lean in Sodexo's favor. Two factors lean in Shah's favor. As such, the Court should conclude that Shah's cause of action is a health care liability claim.

**F. Post _Ross_ cases support the conclusion that Shah's claim is a health care liability claim.**

Shah also argues that cases decided following the Texas Supreme Court's _Ross_ decision demonstrate that this case is not a health care liability claim. _See_ Appellee Brief at 33–35. Sodexo respectfully disagrees.

Shah identified four cases that address the new _Ross_ standards, _See id._ at 33 n.49–n.52; Sodexo is also aware of two additional claims that were recently decided based upon _Ross_. _See Cage v. Methodist Hosp._, 01-14-00341-CV, 2015 WL 4139322 (Tex. App.—Houston [1st Dist.] July 9, 2015, no. pet. h.); _Chamie v. Mem'l Hermann Health Sys._, 14-14-00213-CV, 2015 WL 4141106 (Tex. App.—Houston [14th Dist.] July 9, 2015, no. pet. h.). These claims are easily distinguishable from the claim pending before the Court.

First, two of the cases referenced by Shah, as well as the two additional claims found by Sodexo, deal with garden variety slip-and-fall cases, almost identical to the situation resolved by the Texas Supreme Court in _Ross_. _See Cage_, 01-14-00341-CV, 2015 WL 4139322, at *6 (slip and fall by a hospital visitor on a wet floor in the lobby); _Chamie_, 14-14-00213-CV, 2015 WL 4141106, at *4 (slip and fall by nursing home visit on wet floor); _Lout v. Methodist Hosp._, 14-04-

00302-CV, 2015 WL 3878135, at *3 (Tex.App.—Houston [14th Dist.] June 23, 2015, no pet. h.) (slip and fall by hospital visit on wet floor); *Lance Thai Tran, DDS, PA v. Chavez*, 14-14-00318-CV, 2015 WL 2342564, at *1, *3 (Tex.App.—Houston [14th Dist.] May 14, 2015, no pet. h.) (slip and fall by dentist employee on wet floor in break room). These very clearly no longer constitute health care liability claims. None of the cases even involved hospital/facility patients. *See id.*

In *Brazos Presbyterian*, a Sodexo employee performing custodian duties in a nursing home was injured when an elevator dropped suddenly. *Brazos Presbyterian Homes, Inc. v. Rodriguez*, 14-14-00479-CV, 2015 WL 3424695, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2015, no. pet. h.). The employee was not a patient, the elevator was not in a patient area, and the facility did not claim that the elevator had any purpose related to protecting patients or to patients in general. *See id.* at *4. Instead, the nursing home argued only that the case was a health care liability claim because the facility had a duty by law to provide a safe environment generally. *See id.* at 3–4.

Finally, in *Camacho*, a visitor to a medical center was injured when she was struck by automatic sliding doors. *Valley Reg'l Med. Ctr. v. Camacho*, 2015 Tex. App. LEXIS 4967, at *3 (Tex. App. Corpus Christi May 14, 2015). Again, the victim was not a patient. *See id.* The court noted that while the injury would relate

15

to something with the purpose of protecting patients, none of the other *Ross* factors were met in the context of Camacho's incident. *See id.* at \*10–\*11.

Here, however, circumstances are different. As discussed in subpart 4, immediately preceding this section, Shah was clearly a patient at the hospital at the time of his incident. *See, e.g.,* Appellant's 1st Am. Brief at 4; C.R. at 4. Shah was also in a location at the hospital where patients might be located during the time they were receiving care. *See* C.R. at 7; *see also* Appellant's 1s Am. Brief at 23–24.[4] Similarly, Sodexo was engaged in activity with purpose of protecting patients from harm, through its transportation of beverages to a patient area. *See* C.R. at 187.[5] Sodexo also believes that factors five and six, discussed above in subpart 4, support Sodexo, and distinguish this matter from a garden variety slip-and-fall case or an incident involving an elevator injury to a custodian in a non-patient area.

## II. The trial court properly dismissed Shah's claim for failure to serve a Chapter 74 expert report within the allotted time period.

Shah's claims against Sodexo were properly dismissed when Shah failed to timely serve an expert report on Sodexo. Chapter 74 is unequivocal with regard to

---

[4] At one instance, Shah's brief claims that there is no difference between operation of an elevator in a nursing home and using a beverage cart in a hospital lobby. *See* Appellant's 1st Am. Brief at 34–35. Shah's example should not be construed as a claim that his incident actually occurred in the Ben Taub lobby, as Shah has never asserted such a claim nor identified any record evidence supporting such a contention. He in fact concedes that he was "in a 'place where patients might be during the time they were receiving care' … ." *See* Appellant's 1st Am. Brief at 23–24.

[5] By way of example, the *Camacho* court found that having automatic doors was arguably for the purpose of protecting patients because it could protect mothers and newborns from criminal misconduct. *See* 2015 Tex. App. LEXIS 4967, at \*10.

16

its expert report requirement. *See generally* TEX. CIV. PRAC. & REM. CODE § 74.351. A claimant is required to serve an expert report on all health care providers against whom a health care liability claim is asserted not later than the 120th day after the answer is filed. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Should the claimant fail to uphold this obligation the trial court "shall" enter an order that dismisses the claims with prejudice. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b). The statute's language makes clear this is not a discretionary decision.

### A. Shah failed to serve an expert report on Sodexo within 120 days of Sodexo's Original Answer.

Here, Sodexo filed its Original Answer on May 23, 2014. *See* C.R. at 18–20. Under Chapter 74's requirements, Shah's deadline to serve Sodexo with an expert report was September 20, 2014. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Shah did not serve Sodexo with an expert report by that date. *See* C.R. 127–136. Instead, Shah served a report on December 9, 2014, *See id.* Sodexo objected to the report on December 19, 2014, and moved to dismiss the case that same day. *See* C.R. 104–281. Consequently, the record conclusively establishes that Shah failed to comply with Chapter 74's expert report requirement, and that Sodexo timely and properly invoked Chapter 74 to seek dismissal.

### B. Shah waived any objection to Sodexo's disclosures.

As part of his complaint, Shah appears to argue that Sodexo should have been barred from introducing evidence on Chapter 74 or the expert report

17

requirement. *See* Appellant Brief at 44–45. In essence, Shah is arguing that Sodexo should have been sanctioned for not disclosing Chapter 74's application, and that the sanction penalty should have been Sodexo's preclusion from seeking dismissal. Such penalties would arise under TEX. R. CIV. P. 215. However, in addition to Sodexo not having engaged in sanctionable conduct, Shah has entirely waived this argument.

If Shah felt that Sodexo's discovery disclosures were improper, Rule 215 would provide him with his desired remedy. *See, e.g.,* TEX. R. CIV. P. 215.3; TEX. R. CIV. P. 215.2. However, to seek such a remedy, Shah was obligated to file a motion for sanctions and explain why the sanctions would be "just." *See* TEX. R. CIV. P. 215.2(b). Moreover, Shah would have been obligated to provide Sodexo with notice of any sanction motion. *See id.* And Shah would have been required to hold a hearing on any sanction motion. *See id.*; *see also R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 709–10 (Tex.App.—Waco 2008, pet. denied). Shah did none of these things[6], nor does he argue that he did any of those things.

For a party to be entitled to sanctions based on pretrial conduct, such as alleged discovery violations, that party must secure a pretrial hearing and ruling on that conduct, or it waives any claim for sanctions based on that conduct. *Remington*

---

[6] Shah did file a motion to compel regarding interrogatories and requests for production, *see* C.R. at 29–69, however, the motion did not address disclosures, was not ever set for a hearing, and was never ruled upon.

*Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993); *Finlay v. Olive*, 77 S.W.3d 520, 526 (Tex.App.—Houston [1st Dist.] 2002, no pet.). Shah was aware that Sodexo was contending that this case was a health care liability claim no later than October 27, 2014. *See* C.R. 81–82; *see also id.* at 40–63. Sodexo did not file its motion to dismiss until December 19, 2014. *See id.* at 104, 158. The trial court did not dismiss the case until January 16, 2015. *See id.* at 413. Shah had more than enough time to move for sanctions if he felt such were warranted. Because Shah failed to move for sanctions and failed to obtain any order on sanctions related to Sodexo's disclosures, Shah has waived this issue on appeal.

**C. Sodexo is not obligated to disclose that it believes a case is a health care liability claim in order to seek dismissal under Section 74.351(a), and the Court did not abuse its discretion in granting Sodexo's motion to dismiss.**

Because Shah knows he has waived any issue of sanctions, he attempts to reclassify his request by titling it as one for "equitable estoppel." *See* Appellant's Brief at 43–48. Noticeably, Shah fails to identify any authority that such an equitable estoppel principle exists in this context. *See id.* Shah does not identify a single case that applied equitable estoppel to Chapter 74's expert report requirement or to general disclosures. Nor does Shah identify any standard of review that would apply to an equitable estoppel argument in this context. The reality is that Shah is attempting to raise a motion for sanctions for the first time on appeal, and the Court should reject Shah's endeavor.

However, assuming *arguendo* that the Court considers Shah's request, Shah's claim should be rejected. As with the denial of sanctions, Sodexo contends that any denial of an equitable estoppel claim should be reviewed for abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (standard of review for grant or denial of sanctions). In matters committed to a district court's discretion, the test is whether the ruling was unreasonable or arbitrary or whether the court acted without reference to any guiding rules or principles. *Herrera v. Seton Nw. Hosp.,* 212 S.W.3d 452, 462 (Tex.App.-Austin 2006, no pet.). In deciding whether a denial of sanctions constitutes an abuse of discretion, courts examine the entire record, including the findings of fact and conclusions of law, review the conflicting evidence in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment. *Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 249-50 (Tex. App.—Austin 2007, no pet.). The same approach should apply here.

Shah argues that Sodexo should be equitably estopped from invoking Chapter 74 to dismiss Shah's claims. *See* Appellant's Brief at 43–48. Specifically, Shah faults Sodexo for its disclosure response regarding Tex. R. Civ. P. 194.2(c). *See id.* Shah incorrectly believes that this section required Sodexo to disclose that the case was a health care liability claim in order to invoke Chapter 74's expert report dismissal standard.

Rule 194.2(c) requires a responding party to state "the legal theories and, in general, the factual bases of the responding party's claims or defenses." TEX. R. CIV. P. 194.2(c). The rule's comments provide an example scenario:

> Rule 194.2(c) and (d) permit a party further inquiry into another's legal theories and factual claims than is often provided in notice pleadings. So-called "contention interrogatories" are used for the same purpose. Such interrogatories are not properly used to require a party to marshal evidence or brief legal issues. Paragraphs (c) and (d) are intended to require disclosure of a party's basic assertions, whether in prosecution of claims or defense. Thus, for example, a plaintiff would be required to disclose that he or she claimed damages suffered in a car wreck caused by defendant's negligence in speeding … . In the same example, defendant would be required to disclose his or her denial of the speeding allegation … .

*See id.* cmt. 2.

Here, Shah claimed that Sodexo was negligent because one of Sodexo's employees struck Shah with a cart while transporting beverages. *See* C.R. at 7–8. In response to Shah's disclosure requests, Sodexo noted that it generally denied each and every allegation Shah made, denied committing any wrongdoing, and faulted Shah for comparative negligence. *See id.* at 316. This disclosure was perfectly appropriate.

Chapter 74 and its expert report requirement are not affirmative defenses that a defendant is required to plead in order to invoke. *See* TEX. CIV. PRAC. & REM. CODE §§ 74.001 *et seq.* Similarly, none of the language in Chapter 74 imposes any pleading or disclosure obligation onto defendants. *See id.* And Shah

does not argue here that Sodexo was required to plead Chapter 74 as an affirmative defense or that the statute itself mandated disclosure. *See* Appellant's Brief. That is because Chapter 74 is not a legal theory of Sodexo's defense; it is a procedural requirement imposed on a party bringing a health care liability claim in order to ensure that the claim has sufficient grounds to remain before the trial court. Stated otherwise, the fact that the case was a health care liability claim was not a defense to Shah's action; the defenses were that Sodexo denied committing any negligent acts or omissions and faulted Shah for the incident.

Furthermore, Shah's theory makes no practical sense given the basis for dismissal. The provision Sodexo asserted for dismissal did not even apply until September 20, 2014. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Sodexo would have no reason (or good faith basis) to assert that Shah's claims were barred due to his failure to timely file an expert report until after Shah's deadline to file an expert report came and went. The ability to seek dismissal would only apply once the expert report deadline passed, and any disclosure after that date would have done Shah no good given Chapter 74's mandatory dismissal standard. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a)–(b).

This Court's review considers all these circumstances and views them in the light most favorable to the trial court's ruling and drawing all reasonable inferences in favor of the court's judgment. And doing that, the Court should find

that the trial court's ruling was neither unreasonable nor arbitrary. The trial court clearly acted with reference to guiding rules and principles. Chapter 74's application and the expert report requirement are not affirmative defenses and they are not legal or factual bases of a party's defense; they are simply procedural requirements imposed on those bringing health care liability claims. The trial court did not abuse its discretion in granting Sodexo's motion to dismiss and, by definition, denying any request for equitable estoppel.

## CONCLUSION & PRAYER

As the foregoing demonstrates, Sodexo is a health care provider as defined by Chapter 74. Shah is a claimant as defined by Chapter 74. Also, Shah has alleged that Sodexo has departed from accepted standards of safety, which proximately caused his injuries.

The standard for deciding whether a claim for breach of safety standards is a health care liability claim is not, and has never been, whether a direct relationship exists between healthcare and safety. Such a requirement has been rejected and, instead, Texas law requires a substantive nexus exists between the safety standards allegedly violated and the provision of health care. The substantive nexus requirement recognizes that there are viable health care liability claims that do not involve a direct relationship between safety standards and health care. This is one of those cases.

The standards at issue implicate Sodexo's duties as a statutory health care provider, most especially Sodexo's duties to provide for patient safety. The negligence occurred in the course of performing tasks with the purpose of protecting patients from harm. Shah's injuries occurred in a place where patients might be during the time they were receiving care. Shah was in the process of seeking and receiving health care at the time of his injury. The alleged negligence implicates safety standards arising from duties owed by Sodexo that relate to the medical profession. Finally, the instrumentality involved in the incident was used in the provision of aspects of patients' health care. The Court should conclude that Shah's cause of action is a health care liability claim.

Furthermore, the record demonstrates that Shah failed to serve Sodexo with a Chapter 74 expert report within 120 days from the date of Sodexo's answer. Consequently, the trial court properly dismissed Shah's claims.

Finally, any claim raised by Shah that Sodexo was precluded from seeking dismissal under Chapter 74 was waived in this appeal. Shah failed to comply with the requirements for seeking sanctions for alleged discovery abuse. The penalty Shah seeks to impose on Sodexo is clearly a sanction, and Shah openly concedes that the sanction should apply due to alleged discovery abuse. But even if the Court chooses to consider the equitable estoppel claim, that argument should be rejected. Shah has failed to identify any basis in law to preclude Sodexo from seeking

dismissal under Chapter 74. Chapter 74 and the expert report requirement are simply procedural requirements imposed on those bringing health care liability claims. Defendants are not obligated to disclose that the cause of action is a health care liability claim in order to obligate plaintiffs to comply with the statute. The trial court did not abuse its discretion in rejecting Shah's equitable estoppel claim.

For all these reasons, Appellee, Sodexo Services of Texas, L.P., respectfully requests that this Court affirm the ruling of the trial court in granting Sodexo's Motion to Dismiss Shah's claims and grant all such other and further relief to which Sodexo is justly entitled.

Respectfully submitted,

**BROWN SIMS**

By:_____

Nelson Skyler
Texas Bar No. 00784982
nskyler@brownsims.com
Neal A. Hoffman
Texas Bar No. 24069936
nhoffman@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

**ATTORNEYS FOR APPELLEE
SODEXO SERVICES OF TEXAS, L.P.**

## CERTIFICATE OF COMPLIANCE

I certify this brief complies with the typeface and word-count requirements set forth in the Texas Rules of Appellate Procedure. This brief has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman font for the text and 12-point Times New Roman font for any footnotes. This brief contains <u>6,133</u> words, as determined by the word count feature of the word processing program used to prepare this document, excluding those portions of the brief exempted by Texas R. App. P. 9.4(i)(1).

Nelson Skyler

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the Brief of Appellee has been electronically served on Appellant, Madhusudan Shah, through the following counsel of record on July 28, 2015:

Kenneth R. Baird
THE BAIRD LAW FIRM
2323 S. Voss Rd.
Suite 325
Houston, Texas 77057

Nelson Skyler

27