**Reversed and Remanded and Memorandum Opinion filed August 25, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00379-CV

---

## ROSALINDA REYES, Appellant

## V.

## MEMORIAL HERMANN HEALTH D/B/A TIRR MEMORIAL HERMANN, Appellee

---

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Cause No. 2013-35690

---

## M E M O R A N D U M   O P I N I O N

Rosalinda Reyes appeals from the trial court's dismissal of personal injury claims against Memorial Hermann Health d/b/a TIRR Memorial Hermann for failure to timely file an expert report pursuant to section 74.351 of the Texas Medical Liability Act (TMLA). Tex. Civ. Prac. & Rem. Code § 74.351. As will be discussed below, Reyes alleged negligence related to a slip-and-fall incident on premises owned or controlled by Memorial Hermann. We reverse and remand this case to the trial court.

## Background

Reyes alleges that on or about June 15, 2011, she was an invitee on premises owned or controlled by Memorial Hermann when she "slipped and fell due to a liquid substance on the floor." She contends that "[n]o signage or other safety precautions were present to warn patrons of the unsafe condition of the premises [and a]s a result, [she] suffered personal injuries." Reyes further claimed that Memorial Hermann knew or reasonably should have known of the hazardous condition, which posed an unreasonable risk of harm. She complains that Memorial Hermann "breached its duty of care by both failing to make the condition on the premises reasonably safe and failing to adequately warn Plaintiff and others of the condition." Lastly, Reyes alleges that she sustained injuries due to her fall, and that such injuries and associated damages were proximately caused by Memorial Hermann's failure to use reasonable care. Very few specifics are provided in the record regarding Reyes's alleged presence on property owned or controlled by Memorial Hermann, the location of the alleged incident within the facility, or the circumstances surrounding the alleged incident.[1]

Memorial Hermann filed a motion to dismiss Reyes's claims, asserting that the claims are health care liability claims and Reyes failed to timely file an expert report as required by section 74.351 of the TMLA. Reyes responded by arguing both that her claims were not health care liability claims and that she had timely provided an expert report. The trial court granted the motion and dismissed

---

[1] The parties do not dispute that Memorial Hermann TIRR (The Institute for Rehabilitation and Research) is a facility for the provision of health care or that Reyes was neither a patient nor seeking medical treatment at the time of the incident. Memorial Hermann represents in its brief that Reyes was not at the facility seeking medical or rehabilitative treatment and that she "slipped and fell in a puddle of water" in a hallway outside of a gift shop. Memorial Hermann, however, offers no record citation in support of this suggestion, and the record contains no evidence supporting or refuting it.

Reyes's claims against Memorial Hermann with prejudice.[2]

### *Issue not waived*

Memorial Hermann argues that Reyes failed to preserve the issue that her claims were not health care liability claims by raising it in the trial court. *See* Tex. R. App. P. 33.1. Our review of the record, however, reveals that the argument was indeed raised and thus preserved. Memorial Hermann's motion to dismiss was predicated on Reyes's claims being health care liability claims. Moreover, Reyes disputed this characterization in her response to the motion, stating, "Other than the incident occurring on Defendant's premises, this case has nothing to do with health care." Additionally, in argument to the court during the hearing on the motion, Reyes's counsel made repeated reference to her position that her claims were not health care liability claims, e.g., "Plaintiffs [sic] have never conceded that this is a healthcare liability claim. It's pled as a premises liability claim, and we've mentioned in our response that this case doesn't have anything to do with healthcare," "these arguments are absurd because the statute shouldn't apply to a premises liability case," and "it [TMLA Chapter 74] doesn't really apply to slip and falls."[3] Furthermore, in her second motion for new trial, Reyes again told the court that the question presented in the case was whether a slip-and-fall claim with no connection to the provision of health care, that did not involve a patient, and was purely a premises liability claim qualified as a health care liability claim merely because it occurred on the premises of a health care provider.

---

[2] After the trial court initially granted the motion and dismissed her claims, Reyes filed a motion for new trial asserting that her counsel had not been properly served with Memorial Hermann's motion. The trial court granted the motion for new trial and reconsidered the motion to dismiss along with Reyes's response. The court then granted the motion and dismissed Reyes's claims a second time.

[3] Reyes further argued that, if the trial court found her claims to be health care liability claims, she complied with Chapter 74's expert report requirement by furnishing Memorial Hermann with a doctor's report.

## *Governing Law*

In her sole issue on appeal, Reyes contends that the trial court erred in dismissing her claims against Memorial Hermann because her claims are not health care liability claims and, thus, no expert report was required to be filed under section 74.351. The TMLA defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). Pursuant to section 74.351, a claimant bringing a health care liability claim must, "not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports." *Id*. § 74.351(a)). If an expert report has not been served within the 120–day deadline and the defendant physician or health care provider files a motion to dismiss, the trial court must "dismiss[ ] the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim," and award the physician or health care provider reasonable attorney's fees and costs of court. Tex. Civ. Prac. & Rem. Code § 74.351(b).

Appellate courts generally review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion. *Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011). However, to the extent that our review involves a matter of statutory construction, the issue is a legal question we review de novo. *See Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). Accordingly, in determining whether Reyes's allegations constitute health care liability claims governed by the TMLA, we apply a de novo standard of review. *Id*.

While this appeal was pending, the Texas Supreme Court resolved a split among the courts of appeals concerning whether and to what extent claimed departures from accepted standards of safety by a health care provider must be related to the provision of health care to constitute health care liability claims governed by the TMLA. *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015). The supreme court held that, for a safety-based claim against a health care provider to be a health care liability claim, "there must be a substantive nexus between the safety standards allegedly violated and the provision of health care." *Id*. at 504. The court further explained that "[t]he pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id*. at 505. Accordingly, our analysis is guided by the *Ross* court's instructions for determining whether Reyes's claims constitute health care liability claims.

### *Analysis*

As in *Ross*, Reyes's negligence claims are based on alleged violations of safety standards; Reyes makes no allegations specifically regarding the provision of health care by Memorial Hermann and does not state where she slipped and fell on the premises. Memorial Hermann likewise has not asserted any connection between Reyes's safety-related claims and the provision of health care, other than to assert that it is a health care provider. As the *Ross* court made clear, "[a] safety standards-based claim does not come within the TMLA's provisions just because the underlying occurrence took place in a health care facility, the claim is against a heath care provider, or both." *Id*. at 504 (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 257 (Tex. 2012)).

The *Ross* court articulated non-exclusive factors to aid in analyzing whether a safety standards-based claim is substantively related to the defendant's providing

of medical or health care and is therefore a health care liability claims. In this case, because there is no evidence that Reyes was a patient of TIRR Memorial Hermann, we focus on two *Ross* factors: (1) whether the alleged negligence occurred in the course of the defendant's performing tasks with the purpose of protecting patients from harm; and (2) whether the injuries allegedly occurred in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated. *Id*. at 505.

Applying relevant considerations as set forth in *Ross*, we conclude that no substantive nexus exists between the safety standards Memorial Hermann allegedly violated and the provision of health care. The record before us does not show that the alleged negligence—leaving water on the floor and failing to provide proper warnings—occurred in the course of performing tasks with the purpose of protecting patients from harm. *Cf. id*. (holding that cleaning a floor near exit doors was not shown to be for the purpose of protecting patients). Similarly, there is no indication in the record that the alleged negligence occurred in a place where patients might be while receiving care. *See Lout v. The Methodist Hosp.*, No. 14–14–00302–CV, 2015 WL 3878135, at *3 (Tex. App.–Houston [14th Dist.] June 23, 2015, no pet. h.) (noting that even though incident allegedly occurred in hospital's "heart failure unit," there was no evidence in the record to substantiate that the plaintiff slipped in an area where patients might be while receiving treatment).

Furthermore, the record includes no indication that the alleged negligence concerning water on the floor implicated safety standards arising from professional duties Memorial Hermann owed as a health care provider, that any instrumentality involved in the negligence was of a type used in providing health care, or that the alleged negligence occurred in the course of taking action or failing to take action necessary to comply with a requirement set for health care providers by

6

governmental or accrediting agencies. *See Ross*, 462 S.W.3d at 505; *see also Chamie v. Mem'l Hermann Health Sys.*, No. 14-14-00213-CV, 2015 WL 4141106, at *4 (Tex. App.—Houston [14th Dist.] July 9, 2015, no pet. h.) (mem. op.) (coming to similar conclusions in case involving wet flooring in a retirement home); *Lance Thai Tran, DDS, PA v. Chavez*, No. 14–14–00318–CV, 2015 WL 2342564, at *3–4 (Tex. App.–Houston [14th Dist.] May 14, 2015, no pet.) (mem. op.) (coming to similar conclusions in case involving wet flooring in a dentist's office). We therefore conclude that Memorial Hermann has not carried its burden to prove that Reyes's claims have a substantive relationship to the hospital's provision of health care and are health care liability claims for which an expert report was required. *See Reddy v. Veedell*, 01-14-00309, 2014 WL 4651211, at *3 (Tex. App.—Houston [1st Dist.] Sept. 18, 2014, pet. denied) (explaining that putative health care provider, as the movant, bore the burden of presenting evidence establishing applicability of TMLA). Reyes, therefore, was not required to serve an expert report to avoid dismissal of her suit. *See Ross*, 462 S.W.3d at 505.

## *Conclusion*

We sustain Reyes's sole issue, reverse the trial court's judgment, and remand for further proceedings in accordance with this opinion.


/s/    Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.